**KELLEY et al. v. CURRY et al.** (No. 8170.)

Court of Civil Appeals of Texas. San Antonio. Feb. 27, 1929.

Rehearing Denied March 27, 1929.

Douglas, Carter & Black and Davis & Wright, all of San Antonio, for appellants.

Matlock & Kelly, of San Antonio, for appellees.

SMITH, J. Speaking generally, the government of the Negro Baptist Church in Texas is composed, first, of individual churches; second, of groups of churches called associations; and, third, of state-wide organizations called conventions. The state organization in Texas appears to be split up into as many as four factions, each functioning as an independent state-wide organization. It seems to be the theory that each individual church, association, and convention is a law unto itself in spiritual matters, accountable to no other organization, and bound by no rules, regulations, or fealty except those of its own making or selection. Any individual church may affiliate with any association it chooses, or it may function independently of any association if it prefers that course; each association may exercise a like independence of the state convention. This theory of absolute self-government is practiced with a marked degree of independence by the church in Texas, according to the contentions of both parties to this controversy.

The individual churches in Bexar, Guadalupe, Hays, and Caldwell counties, and perhaps other adjacent counties, comprise a subdivision known in the church as the Guadalupe Baptist Association. The church-es within this subdivision are divided into two factions, one calling itself the "Guadalupe Baptist Association," the other using the name of the "Guadalupe Baptist Association affiliated with the General Baptist Convention of Texas."

Dr. G. F. O. Curry is and has been for some time pastor of a San Antonio church in the denomination. As vice president of the General Convention, he became the president thereof in 1927 by reason of the death of the president. The General Convention met in regular session in Fort Worth shortly after Dr. Curry's accession to the presidency, and he presided thereover. There was discord in this convention over the election of the president and perhaps over the question of foreign missions.

Dr. Curry was also moderator of the Guadalupe Association, and upon his return from the Fort Worth Convention he, along with a majority of the executive committee of the Guadalupe Association, met and organized a "Fourth State Convention," apparently as a protest against the General Convention; the new association having for its particular purpose the propagation of education and foreign missions. As a result of this secession of Dr. Curry and his followers from the General Convention, Dr. I. H. Kelley, pastor of another San Antonio church, promoted a movement which culminated in the organization of the Guadalupe Association "affiliated with" the General Convention. Dr. Curry and a majority of the executive committee of the existing association disregarded the new association and held the regular association at Luling, in the summer of 1928, at which he was re-elected as moderator. These counter movements resulted in the two rival organizations, the respective moderators and executive committees of which constitute the parties to this suit. Dr. Curry and his associate committeemen brought this action against Dr. Kelley and his associates to enjoin the latter from exercising the functions of their offices, and from collecting and disbursing contributions to the causes they all espouse. From the order granting the injunction, Dr. Kelley and his associates have appealed.

Neither of the organizations, as such, owns any property. Neither organization, as such, handles any money, except such as it collects from its members as voluntary contributions to common church causes. Apparently the chief object of both organizations' activities is the maintenance of Guadalupe College, the denominational school at Seguin. Appellants raised $1,300 at their annual associational meeting in 1928, and, after deducting $400 to cover the expenses of the meeting, donated the balance, $900, to Guadalupe College. Appellees sought in this suit to recover this amount of $1,300 from appellants, but the trial court denied such recovery, holding, in

effect, that the funds had not been wrongfully used.

We have reached the conclusion that the controversy is not one with which the courts should interfere. It is purely a religious controversy, in which both parties are working in good faith to a common end. It is conceded by both parties that every organization within the denomination is a free and independent agency, accountable to no other for any purpose and to no extent. The individual churches constitute the units of the denominational associations. Each of these units is a complete and independent government within itself. It may select its own officers and pastor with absolute freedom of action. It may affiliate with any association or convention it may choose, or it may remain aloof from all associations and conventions. It may give or withhold its charities and contributions at its own supreme will, and no power may question that will or the manner of its exercise. In this case seventeen individual churches affiliate with and comprise the Guadalupe Baptist Association, represented here by appellees, while twenty affiliate with and comprise the "Guadalupe Baptist Association affiliated with the Baptist General Convention of Texas," represented here by appellants. Each of the thirty-seven individual churches has in this manner exercised its absolute right of choice of affiliation, and no temporal court has the power to sit in judgment upon that choice. Some of the individual churches selected one affiliation, others another, resulting in the two rival associations, each wholly independent of all other governmental bodies, and devoting its own means to the common good. If either owned property and the other trespassed, or threatened to trespass, thereon, the courts would interfere to right or prevent the wrong, but, since no property rights or wrongful trespasses are involved, the controversy is purely of a religious nature, with which the courts will not interfere.

The judgment will be reversed, and the injunction dissolved.